1   BRIAN J. WHITE  Bar No. 155198
    Attorney at Law
2   4320 Iowa Street
    San Diego, CA 92104
3   Telephone: (619) 280-8022
    Facsimile: (619) 280-8023
4
    Attorney for Defendant,
5   MARIANO GARCIA-BARRERA

6

7

8                       UNITED STATES DISTRICT COURT
9
                    SOUTHERN DISTRICT OF CALIFORNIA
10
                       (HON. ROGER T. BENITEZ)
11

12
    UNITED STATES OF AMERICA,          )    Case No.  08 CR 0543
13                                      )
            Plaintiff,                  )    STATEMENT OF FACTS AND
14                                      )    MEMORANDUM OF POINTS
        vs.                            )    AND AUTHORITIES IN
15                                      )    SUPPORT OF DEFENDANT'S
    MARIANO GARCIA-BARRERA,             )    MOTION TO:
16                                      )    1) COMPEL DISCOVERY; AND
            Defendant.                  )    2) LEAVE TO FILE FURTHER
17                                      )       MOTIONS
                                        )
18   _____ )    Date:  April 21, 2008
                                        )    Time:  2:00 p.m.
19

20
                                I.
21                     STATEMENT OF FACTS

22         The following statement of facts is based, in part, on materials received from the government.

23   The facts alleged in these motions are subject to amplification and/or modification at the time

24   these motions are heard.

25         On February 14, 2008, at 6:55 a.m., a member of the El Centro Sector's Smuggling Targeting

26   Action team (STAT) saw several suspected illegal aliens running toward a fence in an area near

27   the border. The group then jumped over the fence and waited near the southbound lanes of the

28   port of entry. After a few minutes, a maroon Dodge Intrepid, traveling south, stopped near the

1    aliens. The group of aliens all got in the Dodge. The Dodge then made a u-turn and traveled

2    northbound from the port of entry. Agents began pursuit. The Dodge failed to yield and a

3    controlled tire deflation device was used on the two front tires. When the Dodge attempted to

4    make a turn on to a dirt road, the vehicle rolled over. Agents rapidly converged on the vehicle.

5    When they arrived they found Mr. Garcia-Barrera in the driver's seat of the vehicle. There were

6    also five other people found injured near the vehicle. Everyone was transported to the El Centro

7    Medical Center. At the medical center, Mr. Garcia-Barrera was placed under arrest for alien

8    smuggling.

9                                            II.

10   **THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE**
     **DISCOVERY**

11

12   Mr. Garcia-Barrera makes the following discovery motion pursuant to Rule 12(b)(4) and Rule

13   16. This request is not limited to those items that the prosecutor has actual knowledge of, but

14   rather includes all discovery listed below that is "in the possession, custody, or control of any

15   federal agency participating in the same investigation of the defendant." United States v. Bryan,

16   868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

17   (1) Mr. Garcia-Barrera's Statements. The government must disclose: (1) copies of any written

18   or recorded statements made by Mr. Garcia-Barrera; (2) copies of any written record containing

19   the substance of any statements made by Mr. Garcia-Barrera; and (3) the substance of any

20   statements made by Mr. Garcia-Barrera which the government intends to use, for any purpose, at

21   trial. See Fed. R. Crim. P. 16(a)(1)(A).

22   (2) Mr. Garcia-Barrera's Prior Record. Mr. Garcia-Barrera requests disclosure of his prior

23   record, if any exists. See Fed. R. Crim. P. 16(a)(1)(B).

24   (3) Documents and Tangible Objects. Mr. Garcia-Barrera requests the opportunity to inspect,

25   copy, and photograph all documents and tangible objects which are material to the defense or

26   intended for use in the government's case-in-chief or were obtained from or belong to him. See

27   Fed. R. Crim. P. 16(a)(1)(C).

28   (4) Reports of Scientific Tests or Examinations. Mr. Garcia-Barrera requests the reports of

1  all tests and examinations which are material to the preparation of the defense or are intended for

2  use by the government at trial. <u>See</u> Fed. R. Crim. P. 16(a)(1)(D). Mr. Garcia-Barrera notes that

3  no fingerprint analyses have been produced. If such analyses exist, Mr. Garcia-Barrera requests

4  a copy.

5      (5) <u>Expert Witnesses</u>. Mr. Garcia-Barrera requests the name and qualifications of any person

6  that the government intends to call as an expert witness. <u>See</u> Fed. R. Crim. P. 16(a)(1)(E). In

7  addition, Mr. Garcia-Barrera requests written summaries describing the basis and reasons for the

8  expert's opinions. <u>See id.</u> This request specifically applies to any fingerprint and handwriting

9  experts that the government intends to call.

10     (6) <u>Brady Material</u>. Mr. Garcia-Barrera requests all documents, statements, agents' reports,

11  and tangible evidence favorable to the defendant on the issue of guilt or punishment. <u>See</u> <u>Brady</u>

12  <u>v. Maryland</u>, 373 U.S. 83 (1963)

13     In addition, impeachment evidence falls within the definition of evidence favorable to the

14  accused, and therefore Mr. Garcia-Barrera requests disclosure of any impeachment evidence

15  concerning any of the government's potential witnesses, including prior convictions and other

16  evidence of criminal conduct. <u>See</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States</u>

17  <u>v. Agurs</u>, 427 U.S. 97 (1976). In addition, Mr. Garcia-Barrera requests any evidence tending to

18  show that a prospective government witness: (i) is biased or prejudiced against the defendant; (ii)

19  has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember,

20  communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has

21  been an alcoholic.

22     (7) <u>Request for Preservation of Evidence</u>. Mr. Garcia-Barrera specifically requests the

23  preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put

24  out of the possession, custody, or care of the government and which relate to the arrest or the

25  events leading to the arrest in this case.

26     (8) <u>Any Proposed 404(b) Evidence</u>. "[U]pon request of the accused, the prosecution . . . shall

27  provide reasonable notice in advance of trial . . . of the general nature" of any evidence the

28  government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Garcia-Barrera

1    requests such notice three weeks before trial in order to allow for adequate trial preparation.

2        (9) <u>Witness Addresses</u>. Mr. Garcia-Barrera requests the name and last known address of each

3    prospective government witness. He also requests the name and last known address of every

4    witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof)

5    who will <u>not</u> be called as a government witness.

6        (10) <u>Jencks Act Material</u>. Mr. Garcia-Barrera requests production in advance of trial of all

7    material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will

8    avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes

9    taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1).

10   This request also includes production of transcripts of the testimony of any witness before the

11   grand jury. <u>See</u> 18 U.S.C. § 3500(e)(3).

12       (11) <u>Residual Request</u>. Mr. Garcia-Barrera intends by this discovery motion to invoke his

13   rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure

14   and the Constitution and laws of the United States. Mr. Garcia-Barrera requests that the

15   government provide him and his attorney with the above-requested material sufficiently in

16   advance of trial.

17

18                                    **III.**

19              **THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS**

20       At the time of the filing of these motions, the government has not provided any discovery to

21   the defense. The defense is therefore unable to evaluate the status of the evidence and any other

22   further motions that may be necessitated by virtue of the discovery that will be produced.

23   Therefore, Mr. Garcia-Barrera respectfully requests the court to grant him leave to file additional

24   motions as necessary.

25   ///

26   ///

27   ///

28   ///

1

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Garcia-Barrera respectfully requests that the Court grant his motions.

Respectfully submitted,

Dated: March 18, 2008                    /s/ Brian J. White
                                         BRIAN J. WHITE Attorney for
                                         Defendant MARIANO GARCIA-BARRERA