KAREN P. HEWITT
United States Attorney
WILLIAM A. HALL, JR.
Assistant U.S. Attorney
California State Bar No. 253403
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7046/(619) 235-2757 (Fax)
Email: william.a.hall@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>MARIANO GARCIA-BERRERA,<br><br>                    Defendant(s). | Criminal Case No. 08CR0543-BEN<br><br>DATE:    April 21, 2008<br>TIME:    2:00 p.m.<br>Before Honorable Roger T. Benitez<br><br>UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

**I**

**STATEMENT OF THE CASE**

The Defendant, Mariano Garcia-Berrera (hereinafter "Defendant"), was charged by a grand jury on February 27, 2008, with violating 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II), transportation of illegal alien(s), and aiding and abetting. Defendant was arraigned on the six-count Indictment on March 4, 2008, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended on February 14, 2008 by United States Border Patrol Agents ("BPAs") near Calexico, California. That day, at approximately 6:55 a.m., a BPA conducting surveillance near the Calexico, California East Port of Entry observed several suspected illegal

2

1  aliens running north on the Mexican side of the United States-Mexico international border. The
2  BPA notified other agents and continued surveillance on the suspected illegal aliens. The group
3  continued north until arriving to a chain link fence and laying down on the ground. One of the
4  subjects stood up and ran back south into Mexico. Several minutes later, the group of suspected
5  illegal aliens climbed over the chain link fence and waited beside the southbound lanes of the port
6  of entry.
7  A maroon Dodge Intrepid (hereinafter "the vehicle"), traveling on the southbound lanes of
8  the road approaching the port of entry on the U.S. side, stopped near the group. The group boarded
9  the vehicle, and the driver, later identified as Defendant, made a U-turn and began traveling
10  northbound from the port of entry. The BPA informed agents of his observations and the direction
11  of travel of the vehicle, and began following it. The vehicle drove northbound on Menvielle Road,
12  then turned eastbound on Highway 98. The BPA followed the vehicle eastbound on Highway 98
13  toward Highway 7.
14  As the vehicle passed the intersection of Highway 98 and Highway 7, another BPA joined
15  in the pursuit. The second BPA activated his service vehicle's emergency equipment consisting
16  of lights and siren. Defendant failed to yield and continued driving northbound on Keffer Road.
17  Another BPA, who was positioned on Keffer Road approximately one mile north of Highway 98,
18  successfully deployed a Controlled Tire Deflation Device. Defendant continued driving the
19  vehicle northbound for approximately one hundred yards and attempted to make a sharp right turn
20  onto a field road. Instead, Defendant lost control of the vehicle and it rolled over into an open
21  agricultural field. BPAs approached the vehicle and observed the five passengers from the vehicle
22  lying on the ground surrounding the vehicle. Defendant was still seated behind the steering wheel.
23  The five passengers, Constantino Escamilla-Ortiz, Antonio Valenzuela-Gonzalez,
24  Guillermo Mata-Valles, Alcelmo Sanchez-Salazar and Silvia Sanchez-Juarez (hereinafter "the
25  material witnesses"), were taken to hospitals for medical treatment. All five material witnesses
26  stated to a BPA that they were citizens and nationals of Mexico illegally present in the United
27
28  3

1  States.  All of the material witnesses also stated that they were not in possession of any
2  immigration documents allowing them to enter or to remain inside the United States.
3  Escamilla-Ortiz, Valenzuela-Gonzalez, and Mata-Valles stated they crossed the United States-
4  Mexico international border illegally with the assistance of a smuggler, who guided them across
5  the border and led them to a fence into the United States, where they were picked up by a car.
6  Escamilla-Ortiz, Valenzuela-Gonzalez, and Mata-Valles all identified Defendant as the driver of
7  the vehicle.
8  Sanchez-Salazar and Sanchez-Juarez Silvia required extensive medical treatment. Sanchez-
9  Salazar was diagnosed with and treated for a broken back.  Sanchez-Juarez was diagnosed with
10 and treated for a broken neck, ruptured spleen, and lacerated liver.  Sanchez-Salazar likewise stated
11 that he crossed the United States-Mexico international border illegally with the assistance of a
12 smuggler, who guided the group across the border and led them to a fence into the United States,
13 where they were picked up by a car.  Sanchez-Salazar also identified Defendant as the driver of
14 the vehicle.  Sanchez-Juarez was not able to make an identification of the driver of the vehicle.

### III

### **UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

17  To date, the United States has provided Defendant with 135 pages of discovery and three
18  DVDs. The United States moves the Court to order Defendant to provide all reciprocal discovery
19  to which it is entitled under Rules 16(b) and 26.2.  Rule 16(b)(2) requires Defendant to disclose
20  to the United States all exhibits and documents which Defendant "intends to introduce as evidence
21  in chief at the trial" and a written summary of the names, anticipated testimony, and bases for
22  opinions of experts Defendant intends to call at trial under Rules 702, 703, and 705 of the Federal
23  Rules of Evidence.
24  //
25  //
26  //
27
28                                                     4

## IV
## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that its motion be granted.

DATED: April 7, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ William A. Hall, Jr.
WILLIAM A. HALL, JR.
Assistant United States Attorney

5