

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Louisa A. Porter)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR0543-BEN |
| ) | 08MJ8140 |
| Plaintiff, ) | |
| ) | MATERIAL WITNESS |
| v. ) | DEPOSITION ORDER |
| ) | |
| Mariano Garcia-Barrera, ) | |
| ) | |
| Defendant. ) | |

    Upon motion of material witnesses Constantino Escamilla-Ortiz, Antonio Valenzuela-Gonzalez, Guillermo Mata-Valles and Alcelmo Sanchez-Salazar, by and through their counsel THOMAS G. GILMORE pursuant to Rule 30(b)(4), Federal Rules of Civil Procedure, for an order directing the taking of the oral deposition of Constantino Escamilla-Ortiz, Antonio Valenzuela-Gonzalez, Guillermo Mata-Valles and Alcelmo Sanchez-Salazar, material witnesses, by means of videotape; and good cause for the issuance of the order having been shown; therefore,

    IT IS HEREBY ORDERED that the deposition of Constantino Escamilla-Ortiz, Antonio Valenzuela-Gonzalez, Guillermo Mata-Valles

1  and Alcelmo Sanchez-Salazar be taken by means of videotape
2  recordings, subject to the following conditions:
3      1.   Said material witnesses shall be deposed on 5/22,
4  2008, at 10:00 a.m. The deposition will be held at the U.S.
5  Attorney's office, located at 880 Front Street, San Diego,
6  California.
7      2.   All parties, meaning the United States and the
8  defendants, shall attend the deposition. The arresting agency shall
9  bring the material witness to the deposition and remain present
10 during the proceeding. If the defendant is in custody, he shall be
11 brought separately to the deposition and a marshal shall remain
12 present during the entire proceeding.
13     3.   The United States Attorney's Office shall provide a
14 videotape operator and arrange for a court-certified interpreter to
15 be present for the material witness, if necessary.
16     The cost of the interpreter for the material witness will be
17 borne by the United States Attorney's office.
18     4.   If the defendant needs an interpreter independent of the
19 material witness interpreter (if any), defense counsel will arrange
20 for a court-certified interpreter to be present. The costs of a
21 separate interpreter for the defendant shall be paid by the court.
22     5.   The United States Attorney's Office shall arrange for a
23 certified court reporter to be present. The court reporter shall
24 stenographically record the testimony and serve as a notary and
25 preside at the deposition in accordance with Rule 28(a), Fed. R.
26 Civ. P. The cost of the court reporter shall be borne by the
27 United States Attorney's Office.
28     6.   The deposition shall be videotape recorded, meaning a

1  magnetic tape that records sound as well as visual images. At the
2  conclusion of the deposition on the record, the witnesses, or any
3  party, may elect to have the witness review the videotaped record
4  of the deposition to check for errors or omissions and to note any
5  changes. Any errors, omissions or changes, and the reasons for
6  making them, shall be stated in writing, signed the by the
7  witness(es) and delivered to the notary in a sealed envelope and
8  filed in the same fashion as described in Paragraph 17 below,
9  unless the parties agree on the record to a different procedure.
10     7.  The videotape operator shall select and supply all
11 equipment required to videotape and audiotape the deposition and
12 shall determine all matters of staging and technique, such as
13 number and placement of cameras and microphones, lighting, camera
14 angle, and background. The operator shall determine these matters
15 in a manner that accurately reproduces the appearance of the
16 witness and assures clear reproduction of both the witness'
17 testimony and the statements of counsel. The witness, or any party
18 to the action, may place upon the record any objection to the
19 videotape operator's handling of any of these matters. Such
20 objections shall be considered by the Court in ruling on the
21 admissibility of the video and/or audiotape record. All such
22 objections shall be deemed waived unless made promptly after the
23 objector knows, or has reasonable grounds to know, of the basis of
24 such objection.
25     8.  The deposition shall be recorded in a fair, impartial,
26 objective manner. The videotape equipment shall be focused on the
27 witness; however, the videotape operator may from time to time
28 focus upon charts, photographs, exhibits or like material being

shown to the witness during the deposition.

9. Before examination of the witness, the Assistant United States Attorney shall state on the video/audio record his/her name; the date, time and place of the deposition; the name of the witness(es) and the identity of the parties and the names of all persons present in the deposition room. The notary shall then swear the witness on the video record. Further, before the beginning of the examination each counsel shall identify himself/herself and his/her respective client on the record. If more than one videotape is used, the notary shall repeat items (a), (b) and ©) at the beginning of each new tape.

10. The videotape operator shall not stop the video recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objection on the record. Each time the tape is stopped or started, the operator shall announce the time on the record. If the deposition requires the use of more than one tape, the end of each tape and the beginning of the next shall be announced orally on the video record by the operator.

11. Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections at the appropriate time. The party raising the objection(s) shall be responsible for having a transcript prepared for the court to consider. All objections to the evidence presented shall be deemed waived unless made during the deposition

12. The party offering the deposition into evidence at trial shall provide the Court with a transcript of the portions so

1  offered.

2  13. Copies of all exhibits utilized during the videotaped
3  deposition shall be attached to the videotape record.

4  14. At the conclusion of the deposition, any objection,
5  including the basis, to release of the material witness(es) from
6  custody shall be stated on the record. If there is no objection,
7  the attorney for the material witness(es) shall immediately serve
8  all parties with a "Stipulation and Proposed Order for Release of
9  the Material Witness(es)" and submit the Order to the Clerk of
10 Court for the Judge's signature. Prior to release from custody
11 the attorney for the Government shall serve the material
12 witness(es) with a subpoena for the trial date and a travel fund
13 advance letter.

14 15. Upon request by either party, the videotape operator
15 shall provide a copy of the videotaped deposition to the requesting
16 party at the requesting party's expense. After preparing the
17 requested copies, if any, the videotape operator shall deliver the
18 original videotape to the notary along with a certificate signed by
19 the videotape operator attesting that the videotape is an accurate
20 and complete record of the recorded deposition.

21 16. The notary shall file the original videotape, along with
22 any exhibits offered during the deposition, with the Court in a
23 sealed envelope marked with the caption of the case, the name of
24 the witness and the date of the deposition. To that envelope, the
25 videotape operator shall attach a sworn statement that the notary
26 shall attach the sworn statement that the videotape is an accurate
27 and complete record of the recorded deposition and a certification
28 that the witness was duly sworn by the officer.

5

17. Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the video record of the deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3).

18. If any party objects on the record to the release of the material witness(es) from custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned the case or to such other district judge or magistrate judge as they designate. <u>Notice of the Request for Hearing must be served on all parties and filed with the Clerk of Court within twenty-four (24) hours after the completion of the deposition, with a courtesy copy to chambers.</u> The Court will set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the material witness(es) to remain in custody. If, after the hearing, the Court orders the release of the material witness(es), the material witness(es)' attorney shall immediately present the release order to the Court for signature an filing. Before release of the material witness(es) from custody, the Government shall serve the material witness(es) with a subpoena for the trial date and a travel fund advance letter.

IT IS SO ORDERED.

DONE at San Diego, California this 8th day of May, 2008.

Louisa S. Porter
UNITED STATES MAGISTRATE JUDGE